**CIRCUIT COURT OF THE CITY OF ROANOKE**

Deborah Lois Cantrell

v.

David Leon Eshelman

April 4, 2005

Case No. CL03-1015

BY JUDGE CHARLES N. DORSEY

In the pre-trial hearing pertaining to motions and other properly noticed matters on 30 March, I took under advisement one issue pertaining to Ms. Glenn's motion to exclude Dr. Joiner from testifying at trial in this matter. Subject to the factual conditions set out hereafter, I am now excluding Dr. Joiner's testimony for the reasons stated.

*Facts*

The plaintiff was involved in a motor vehicle accident in September of 2001. Her primary treating health care professional has been Dr. Brian Slakman, a chiropractor. Dr. Slakman referred Ms. Cantrell, approximately a year after the accident, to Dr. Murray E. Joiner, Jr., a medical doctor. Dr. Joiner's notes of his initial office visit with Ms. Cantrell consist of approximately five pages. Near the end of these notes, Dr. Joiner states that he is "unable to speak to causation or permanency as it relates to her . . . motor vehicle accident."

*Issue*

The defendant moves to exclude Dr. Joiner from testifying at the trial of this matter on behalf of the plaintiff since the medical records make it clear that Dr. Joiner is unable to speak to causation as it relates to the motor vehicle accident which is the subject of this litigation. The parties stipulate, for the purpose of this motion, that Dr. Joiner's testimony would be admissible, if at all, as part of the plaintiff's treatment and not for any other reason. The parties further stipulate, solely for the purposes of this motion, that Dr. Slakman, a chiropractor, referred the plaintiff to Dr. Joiner, a medical doctor, and, while other health care professionals may be involved in the evidentiary portion of this trial, no other such professionals need be considered for this motion.

The issue then, simply stated, is whether a chiropractor may provide the foundation for admissibility of a medical doctor's testimony.

*Analysis*

Defense counsel cites the case of *John v. Im*, 263 Va. 315, 559 S.E.2d 694 (2002), for the proposition that causation of a particular physical human injury is a component of "diagnosis," which is part of the practice of medicine and may not be performed by a chiropractor. Defense counsel also relies on the persuasive effect of *Brown v. Commonwealth Petroleum Servs., Ltd.*, 63 Va. Cir. 185 (Loudoun County 2003). Plaintiff submits no legal authority, but argues that any issue as to causation is a matter to be submitted to the jury at trial.

As Judge Chamblin stated in the *Brown* opinion, however, the trier of fact determines what weight should be given to testimony of an expert after those opinions are admitted into evidence. The threshold issue is whether those opinions are admissible. If they are not admissible, permitting the finder of fact to attribute weight to such opinions would constitute improper speculation or guesswork.

The testimony of an expert, to be admissible, must be based on a proper foundation. *Tarmac Mid-Atlantic, Inc. v. Smiley Block Co.*, 250 Va. 161, 166, 458 S.E.2d 462, 465 (1995). The determination of whether an adequate foundation has been laid for the admission of an expert's opinion is within the discretion of the trial court. *Smith v. Commonwealth*, 265 Va. 250, 254, 576 S.E.2d 465, 468 (2003); *Tarmac Mid-Atlantic*, 250 Va. at 166, 458 S.E.2d at 465.

Ordinarily, Dr. Joiner would be permitted to render an opinion as to causation, even if his opinion relied wholly on hearsay evidence otherwise

inadmissible, including, for example, the opinion of Dr. Slakman as to causation. Va. Code § 8.01-401.1; *M.E.D. v. J.P.M.*, 3 Va. App. 391, 400-01, 350 S.E.2d 215, 221-22 (1986). The unusual fact in this case, however, is that Dr. Joiner has specifically stated that he is unable to speak to causation. If Dr. Joiner's testimony is to be admitted, it must be based on the foundation provided by Dr. Slakman.

Though dealing with the admissibility of medical bills, not medical opinions, *McMunn v. Tatum*, 237 Va. 558, 379 S.E.2d 908 (1989), is instructive. *McMunn* made clear that bills introduced to prove medical expenses required consideration of four major components: (1) authenticity, (2) reasonableness in amount, (3) medical necessity, and (4) causal relationship. *McMunn*, 237 Va. at 568, 379 S.E.2d at 913. The third and fourth components logically apply in the context of this case. Was the treatment of Dr. Joiner and consequently the billing for that treatment, medically necessary, that is, reasonably necessary *"in the opinion of experts qualified in the appropriate field* to cure the plaintiff, ameliorate his injuries, or relieve his suffering. . . ."? *Id.* (emphasis added). Similarly, the fourth component of causal relationship requires that Dr. Joiner's treatment, as well as the billing for that treatment, be "rendered necessary solely by a medical condition proximately resulting from the defendant's negligence, not by an unrelated or preexisting condition except to the extent such a condition was aggravated by the defendant's negligence." *Id.*

*McMunn* held that, if the defendant objected to the introduction of medical bills on the basis of medical necessity or causal relationship of such bills, the Court might admit those challenged bills only with foundation expert testimony establishing the medical necessity or causal relationship. *McMunn*, of course, dealt with medical bills, not medical opinions, but the conceptual and analytical structure, in the context of this case, is identical. As in building bridges, the span must be complete to permit the plaintiff to cross from proffered testimony to admissible testimony. In this case, we have the cantilever of Dr. Slakman's testimony attached to the pier of chiropractic expertise and the cantilever of Dr. Joiner's testimony attached to the pier of medical expertise. We are lacking, however, the girder that would unite the two and complete the span. That girder will not be supplied by Dr. Joiner, as he has stated he cannot do so. That girder cannot be supplied by Dr. Slakman, as he is not qualified to state opinions of medical practice which he must, of necessity, be able to do in order to opine as to whether Dr. Joiner's treatment was medically necessary and causally related from a medical context.

Dr. Slakman, the chiropractor, is permitted by statute to testify as an expert witness as to etiology, diagnosis, prognosis, and disability *"within the*

*scope of the practice of chiropractic as defined in § 54.1-2900.*" Va. Code § 8.01-401.2 (emphasis added). The definition of the practice of chiropractic contained in Va. Code § 54.1-2900 pertains to adjustment of vertebrae and assisting nature for the normalization of the transmission of nerve injury but specifically does not include administration or prescription of drugs, medicines, serums, or vaccines. Conversely, the same code section defines the practice of medicine as the prevention, diagnosis, and treatment of human physical or mental ailments, conditions, diseases, pain, or infirmities, *by any means* or method. The practice of medicine, by definition, is broader and more general than the practice of chiropractic. Arguably, due to that distinction, a medical doctor could provide the foundation for an opinion of a chiropractor but the converse, as in this case, is not permitted. *See also John*, 263 Va. at 321, 559 S.E.2d at 697.

Consequently, under the unique facts and circumstances of this case, and limited only to this case and the issue raised by the parties, the defendant's motion to exclude Dr. Joiner's testimony is granted. Dr. Joiner's testimony may possibly be admissible for other reasons and in other contexts, and there is no ruling made as to any other permissible basis of admissibility.